UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARGUERITE J. SCHROEDER, Administrator of the
Estate of GERALD SCHROEDER,

                          Plaintiff,

  -against-                                  Case No.: 19-cv-05139
                                                    (PMH)(JCM)
METRO-NORTH COMMUTER RAILROAD,

                          Defendant.
-----------------------------------------------------------------X

## **CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

1.    This Confidentiality Agreement and Protective Order (hereinafter "Agreement") shall be applicable to the following materials to be produced with Defendant's Fifth Supplemental Response to Plaintiff's Request for Production in this lawsuit entitled "Marguerite J. Schroder, Administrator of the Estate of Gerald Schroeder v. Metro-North Commuter Railroad, and pending in the United States District Court for the Southern District of New York, Index No. 19-CV-05139 (PMH)(JCM) (hereinafter referred to as the "Lawsuit"): (1) Written test for plumbers; (2) Practical skills test for plumbers, including instructions and passing criteria; (3) Plaintiff's test scores and notes regarding performance on practical skills test.

2.    As used herein:

    (a)    CONFIDENTIAL INFORMATION shall mean the documents to be produced by the Producing Parties.

    (b)    "Producing party" shall mean Defendant Metro-North Commuter Railroad, and any third-parties producing "Confidential Information" in connection with depositions,

document production or otherwise.

(c) "Receiving party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

3. Except with the prior written consent of the Producing party or by order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

> a. personnel of plaintiff or defendants, engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;
>
> b. counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;
>
> c. expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 8 hereof;
>
> d. the Court and court personnel, if filed in accordance with paragraph 11 hereof;
>
> e. an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 10 hereof;
>
> f. trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 8, 9 and 10, respectively, hereof; and

2

g. any other person agreed to by the parties.

4. Confidential Information shall be utilized by the Receiving party and its counsel only for purposes of this litigation and for no other purposes.

5. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 4(c) hereof, counsel for the Receiving party shall provide a written agreement, in the form of "Agreement to Respect Confidential Material" (available at http://www.nycbar.org/pdf/report/ModelConfidentiality.pdf), to comply with and be bound by its terms. Counsel for the party obtaining the executed agreement shall supply a copy to counsel for all other parties at the time of the disclosure of the information required to be disclosed by FRCP § 26, except that any such agreement signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

6. Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such Confidential Information.

7. This order shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as "Confidential Information" under the terms hereof. Any court reporter and deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this order and shall execute the "Agreement to Respect Confidential Material" (available at http://vvww.nycbar.org/pdf/report/ModelConfidentiality.pdf). Counsel for the party obtaining

4833-5633-2004v.1

the "Agreement to Respect Confidential Material" shall supply a copy to counsel for all other parties in the action.

8. (a) A Receiving party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information, shall provide all other parties with seven (7) days' written notice of its intent to file such material with the Court, so that the Producing party may file a motion, by order to show cause, to seal such Confidential Information.

(b) The motion to seal by the Producing party must follow any protocols established by the Local Rules of the Southern District of New York or Individual Rules of the Hon Philip M. Halpern.

(c) The Confidential Information shall not be filed until the Court renders a decision on the motion to seal.

(d) In the event the motion to seal is granted, all deposition transcripts, exhibits, answers to interrogatories, and other documents containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses such material, shall be filed electronically in accordance with the Individual Rules of the Hon. Peter M. Halpern.

(e) Working copies of any sealed efiled documents must be submitted to the courtroom in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words:

> "CONFIDENTIAL MATERIAL SUBJECT TO CONFIDENTIALITY ORDER"

4

as an indication of the nature of the contents, and a statement in substantially the following form:

> "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of the parties. Violation hereof may be regarded as contempt of the Court."

(f) Such documents shall be returned by the Part Clerk to the party who efiled the documents upon disposition of the motion or other proceeding for which they were submitted. Chambers will attempt to notify the party who efiled the documents, and if the documents are not retrieved within 30 days thereafter, the working copies will be discarded.

9. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

10. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this order.

11. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

12. This order is without prejudice to the right of either party to seek relief from, or modification of, this order or any provisions thereof by properly noticed motion to the Court.

13. This Order shall continue to be binding after the conclusion of this litigation except

   (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and

   (b) that a party may seek the written permission of the Producing party or

4833-5633-2004v.1

further order of the Court with respect to dissolution or modification of any part of this order. The provisions of this order shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

14. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

15. (a) Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party.

(b) In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge.

(c) Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits.

(d) This order shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this order shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its

6

affiliate(s) in connection with any other matters.

16. This order may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

**STIPULATED, AGREED AND CONSENTED TO:**

LANDMAN CORSI BALLAINE & FORD P.C.

Dated: 4/28/21

By: _____
Gina E. Nicotera, Esq.
Attorneys for Defendant
METRO-NORTH COMMUTER RAILROAD
120 Broadway, 13th Floor
New York, NY 10271-0079
(212) 238-4800

Dated: 7/1/21

KELLER & GOGGIN, P.C.

By: _____
Robert Goggin, Esq.
Attorney for Plaintiff
1528 Walnut St #900
Philadelphia, PA 19102
(800) 666-3352

So Ordered:

_____
JUDITH C. McCARTHY    4-30-2021
United States Magistrate Judge

7

4833-5633-2004v.1